**UNITED STATES of America**

v.

**George A. LaVALLEE, Jr., aka Emory Joe Cooper.**

**Crim. No. H2–77–247M.**

United States District Court, S. D. Texas, Houston Division.

Sept. 12, 1977.

J. A. "Tony" Canales, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff.

Roland E. Dahlin, II, Federal Public Defender, Charles S. Szekely, Jr., Asst. Fed. Public Defender, Houston, Tex., for defendant.

**ORDER**

CARL O. BUE, Jr., District Judge.

This Court has considered defendant's appeal from an order of the United States Magistrate, denying defendant's request for psychiatric evaluation under 18 U.S.C.

§ 4244 and ordering removal of defendant to the Western District of Louisiana in accordance with Fed.R.Crim.P. 40.

In light of: (1) the narrow scope of the instant removal hearing; (2) the holding of the United States Court of Appeals for the District of Columbia in *United States v. Perkins,* 140 U.S.App.D.C. 76, 433 F.2d 1182 (1970); and (3) the lack of case authority presented by defendant in support of the specific holding he requests, this Court affirms the decision of the Magistrate denying defendant's request for a psychiatric evaluation prior to commencement of the removal hearing and orders the removal of defendant to the Western District of Louisiana.

Fed.R.Crim.P. 40(b)(3)(A) provides that in removal proceedings in which the prosecution is by indictment, "a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment". In the present case prosecution is by indictment, and at the removal hearing a certified copy of the indictment was produced. Thus, the sole issue at the hearing was the identity of the accused. The competency of defendant and his ability to assist his counsel and to understand the nature of the proceedings against him are of minimal significance when the sole question to be determined is his identity. As the Court stated in *United States v. Perkins, supra,* 433 F.2d at 1188:

> "In this age of scientific detection, and considering the vast resources therefor at the Government's disposal, we could hardly assume that the Government is unequal to the task of producing ample proof of appellant's identity as parties actually referred to by the grand jury, if indeed they are, and this without any help whatsoever from appellants. At the same time, we are unable to conceive of any appreciable help defense counsel would need from their clients, or that the clients could supply counsel, to combat any identity proof worthy of the name." (footnotes omitted)

This Court's holding today that defendant is not entitled to a psychiatric evaluation prior to his removal hearing is, of course, in no way a determination of the propriety of such an evaluation prior to trial on the offenses charged. If, following defendant's removal to the Western District of Louisiana, he still desires a psychiatric evaluation, he should file the appropriate motion in the United States District Court for the Western District of Louisiana.

Accordingly, defendant's request for a psychiatric evaluation is hereby denied, and defendant is ordered removed to the Western District of Louisiana.